UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FABRINET USA, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICATU, INC.,<br><br>　　　　　Defendant. | Case No. 20-cv-00382-VKD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 18 |

Invoking this Court's diversity jurisdiction, 28 U.S.C. § 1332, plaintiff Fabrinet USA, Inc. ("Fabrinet USA") filed this action against defendant Micatu, Inc. ("Micatu") for alleged breach of a manufacturing agreement. Micatu now moves to dismiss the first amended complaint ("FAC"), the operative pleading, or in the alternative for a more definite statement. The matter was deemed suitable for determination without oral argument. Civ. L.R. 7-1(b); Dkt. No. 25. Upon consideration of the moving and responding papers, the Court denies Micatu's motion to dismiss and its alternative motion.[1]

**I.　BACKGROUND**

According to the FAC, Fabrinet USA provides manufacturing services for complex electro-optical components and is a wholly owned subsidiary of Fabrinet (Cayman), a publicly owned company formed in the Cayman Islands. Dkt. No. 13 ¶ 1. The FAC alleges that on March 22, 2018 Fabrinet (Cayman) entered into a "Product Manufacturing Agreement" ("Agreement")

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 11.

with Micatu. *Id*. ¶ 7. Under the Agreement, Fabrinet (Cayman) agreed to "manufacture and assemble products in accordance with 'specifications, purchase orders, Build Plans and forecasts' provided by MICATU." *Id*. ¶ 8 (quoting Agreement § 1.1.1). The FAC further alleges that the Agreement required Micatu to pay 50% of the sums due, in advance, with the remaining balance to be paid when the completed orders shipped. *Id*. ¶ 13. The Agreement states that it is governed by California law and provides for the award of attorneys' fees and costs to the prevailing party in enforcing its terms. *Id*. ¶ 11.

Fabrinet USA claims that Micatu issued two purchase orders in accordance with the Agreement. *Id*. ¶ 12. According to the FAC, those orders were completed and shipped on May 3, 2019 for a total amount due of $581,175.21. *Id*. ¶ 13. Micatu reportedly accepted the products and did not question the existence or terms of the Agreement. *Id*. Nevertheless, Fabrinet USA claims that Micatu has yet to pay $247,962.63, which sum is past due. *Id*. Additionally, Fabrinet USA claims that Micatu is financially responsible for $145,000 in excess inventory and for $2,000 in obsolete materials. *Id*. ¶¶ 14-15. In sum, Fabrinet USA claims that Micatu owes a total of $394,962.63, in addition to attorney's fees and costs to enforce the Agreement and other "incidental damages" incurred as a result of Micatu's alleged breach of the Agreement. *Id*. ¶ 23.

On January 15, 2020, Fabrinet (Cayman) allegedly assigned to Fabrinet USA all of its rights, interest, and claims to the amounts due and payable by Micatu under the Agreement. Dkt. No. 13 ¶ 7 n.1. Fabrinet USA then filed the present action, asserting three claims for relief: (1) breach of contract, (2) an "action for price UCC § 2709, *et seq*.,"[2] and (3) open book account. Dkt. No. 1. Micatu moved to dismiss the complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6), arguing that Fabrinet USA is not in privity of contract and therefore lacks standing to bring this suit and that the complaint failed, in any event, to state a claim for relief. In the alternative, Micatu moved pursuant to Rule 12(e) for a more definite statement. Dkt. No. 9. Fabrinet USA timely filed the FAC, as of right, mooting Micatu's motion to dismiss. Dkt. No. 13. The FAC reasserts the same three claims for breach of contract, "action for price" under UCC § 2-709 *et*

---

[2] The Court assumes that Fabrinet USA refers here to Uniform Commercial Code ("UCC") 2-709.

1  *seq.*, and for open book account.

2  Micatu now moves to dismiss the FAC pursuant to Rule 12(b)(1) and Rule 12(b)(6). Micatu maintains that Fabrinet USA is not in privity of contract and therefore lacks standing to bring the present action, and that the FAC still fails to allege sufficient facts to state a claim for relief. Alternatively, Micatu moves for a more definite statement pursuant to Rule 12(e), arguing that the FAC is so vague and ambiguous that Micatu cannot reasonably prepare a response.

## II.  LEGAL STANDARD

### A.  Rule 12(b)(1)

A Rule 12(b)(1) motion to dismiss challenges a federal court's jurisdiction over the subject matter of a plaintiff's complaint. A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack"). *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint and is not required to presume the truthfulness of the plaintiff's allegations. *Id*. The party asserting federal subject matter jurisdiction bears the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### B.  Rule 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id*.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678.

Documents appended to or incorporated into the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

## III.   DISCUSSION

### A.   Claim 1: Breach of Contract

Micatu moves to dismiss Fabrinet USA's contract claim on two grounds. First, Micatu contends that Fabrinet USA is not in privity of contract and therefore lacks standing to pursue this claim. Second, Micatu argues that the FAC does not allege essential contract terms of price, item, and quantity and therefore fails to plead the existence of a valid contract.

#### 1.   Privity of Contract

Under Article III of the Constitution, Fabrinet USA has standing to pursue a claim in federal court if it suffered an "injury in fact," there is a causal connection between the injury and the alleged misconduct, and the injury can be redressed by the court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Micatu contends that Fabrinet USA lacks standing to pursue a claim for breach of contract because Fabrinet USA is not in privity of contract with

4

Micatu. "Privity of contract is a doctrine of contract law that states that only parties to a contract, hence those in privity to it, have rights or liabilities under the contract." *McCormick v. U.S. Bank, N.A.*, No. 12cv00433 AJB (WMC), 2012 WL 12869274, at *4 (S.D. Cal. Oct. 30, 2012). Absent exceptions to the general rule, privity of contract is a necessary element of a contract claim. *See generally Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 634 (9th Cir. 2010), overruled on other grounds in *Skidmore v. Led Zepplin*, 952 F.3d 1051 (9th Cir. 2020).

Micatu asserts that Fabrinet USA is not in privity of contract because Fabrinet USA was not a party to the Agreement. Dkt. No. 18 at 2-3. As noted above, however, the FAC alleges that Fabrinet (Cayman) assigned to Fabrinet USA all of its rights, interest, and claims to the amounts due and payable by Micatu under the Agreement. Dkt. No. 13 ¶ 7 n.1; *see generally Applera Corp. v. MP Biomedicals, LLC*, 173 Cal.App.4th 769, 786 (2009) (affirming the plaintiff's standing, via an assignment of rights from the original contracting party, to sue to enforce a licensing agreement). Micatu does not directly challenge that assertion. Instead, Micatu argues that the alleged assignment of rights is of no significance because Fabrinet (Cayman) is itself not referenced in the Agreement. Here, Micatu says the Agreement refers to "Fabrinet" in Singapore, which Micatu infers is a reference to Fabrinet Pte. Ltd. (Singapore), an entity from which no assignment of rights was made and which allegedly does not enter into any contracts. Dkt. No. 23 at 2. Micatu further contends that the FAC's allegations are inconsistent to the extent that they state that Fabrinet (Cayman) entered into an agreement to manufacture and assemble products and now possesses the excess inventory and obsolete materials, but that Fabrinet (Thailand), not Fabrinet (Cayman), is the entity that performs manufacturing services. *Id*.

The Agreement appended to the FAC references a Fabrinet address in Singapore and is signed by an individual identified as the Chief Executive Officer of "Fabrinet." Dkt. No. 13-1. While the Agreement does not contain the name "Fabrinet (Cayman")", the FAC alleges that Fabrinet (Cayman) is the entity that enters into agreements, like the one at issue, directly with customers. Dkt. No. 13 ¶ 6. Fabrinet (Cayman), in turn, allegedly has various inter-company agreements with its subsidiaries for the provision of certain services. *Id*. For example, the FAC states that Fabrinet (Cayman) has an inter-company agreement with Fabrinet (Singapore) for the

1    provision of certain administrative and business development services, as well as an agreement
2    with Fabrinet (Thailand) for the provision of manufacturing services.  *Id*.  Micatu has not
3    convincingly argued why the FAC's allegations regarding the way in which Fabrinet (Cayman)
4    reportedly conducts its business, coupled with Fabrinet (Cayman)'s alleged assignment of rights,
5    are insufficient as a matter of law to provide Fabrinet USA with standing to bring the present
6    action.  Accordingly, Micatu's motion to dismiss based on alleged lack of privity of contract is
7    denied.

### 2.     **Existence of a Contract**

Micatu nevertheless contends that the Fabrinet USA fails to plead the existence of a valid contract.  To state a claim for breach of contract, Fabrinet USA must show (1) the existence of a contract with Micatu, (2) performance or excuse for nonperformance, (3) Micatu's breach, and (4) resulting damages.  *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).  Citing *Harris v. Rudin, Richman & Appel*, 74 Cal. App. 4th 299, 307 (1999), Micatu argues that Fabrinet fails to plead the existence of a valid contract because the FAC does not set out the terms of the contract verbatim or append a complete copy of the Agreement.  Dkt. No. 18 at 2-3.  Here, Micatu points out that the Agreement appended to the FAC does not include the exhibits referenced within that Agreement, i.e., a product quotation (Exhibit A) and a list of parts designated as "Special Components" (Exhibit B).  Additionally, Micatu argues that the FAC does not sufficiently plead the Agreement's essential terms, namely price, item and quantity.  Further, Micatu contends that the FAC does not properly calculate the claimed damages.

*Harris* "pertains to pleading standards in California state court, whereas in federal court 'pleading is governed by Rule 8 of the Federal Rules of Civil Procedure, not by State procedural requirements.'"  *Salenfriend v. Green Tree Servicing, LLC,* No. C-14-03251 (EDL), 2014 WL 12647745, at *2 (N.D. Cal. Sept. 24, 2014) (quoting *Securimetrics, Inc. v. Hartford Cas. Ins. Co.*, No. 0500917CW, 2005 WL 1712008, at *2 (N.D. Cal. July 21, 2005)).  Although Micatu contends that the Agreement appended to the FAC does not include exhibits referenced in the Agreement, federal law does not require a plaintiff to recite the contract terms verbatim or to attach a copy of the contract to the complaint.  *Securimetrics, Inc.*, 2005 WL 1712008, at *2.  Instead, a plaintiff

6

may plead the legal effect of the contract. *Salenfriend,* 2014 WL 12647745 at *2; *Securimetrics, Inc.*, 2005 WL 1712008 at *2. At the very least, Fabrinet USA has satisfied Rule 8 by alleging the legal effect of the Agreement and by alleging that Micatu's two purchase orders (appended to the FAC) signify Micatu's authorization regarding, among other things, "the part number or description, the order quantity, the unit price, the extended price and the due dates for each specific quantity," as well as the "Net Purchase Price Variance" and "Purchase price variance between quoted parts and actual parts cost." Dkt. No. 13 ¶¶ 7-12, 14-15. Whether Fabrinet USA will succeed in proving its allegations, including its claimed damages, is not an issue to be decided at this stage of the litigation. For present purposes, the Court concludes that Fabrinet USA has pled sufficient facts establishing a plausible claim for breach of contract. Micatu's motion to dismiss Fabrinet USA's contract claim is denied.

**B.     Claim 2:  Action for Price, UCC § 2-709,** *et seq***.**

To state a claim for violation of UCC § 2-709, the parties seem to agree that Fabrinet USA must plead sufficient facts showing (1) the acceptance of goods by the buyer, (2) the price of the goods accepted, (3) the past due of the price, (4) the failure of the buyer to pay. *Zhongshan Hengfu Furniture Co., Ltd. v. Home Accents All., Inc.*, No. EDCV 14-00038-VAP (DTBx), 2014 WL 12561625, at *4 (C.D. Cal. Oct. 20, 2014). Micatu moves to dismiss Fabrinet's UCC § 2-709 claim, arguing that Fabrinet USA lacks privity of contract; the FAC fails to allege what specific subsection of the UCC applies; the Agreement appended to the FAC is not a complete copy of that document; and this claim otherwise "relies on the same incomplete inconsistent allegations set forth in the breach of contract cause of action."[3] Dkt. No. 18 at 3-4; Dkt. No. 23. These arguments mirror those Micatu asserts in connection with Fabrinet USA's contract claim and, for all the reasons discussed above, are unconvincing. Micatu's motion to dismiss the UCC claim is denied.

---

[3] Although Micatu purports to move to dismiss pursuant to "Federal Rule of Civil Procedure section 430.10(e)" (Dkt. No. 18 at 2), there is no such rule, and it is unclear what rule Micatu references here. To the extent Micatu may have intended to reference a California state rule of civil procedure, as discussed above, federal (not state) pleading standards apply.

### C. Claim 3: Open Book Account

Micatu moves to dismiss Fabrinet's claim for open book account on two grounds. First, Micatu argues that it is not in privity of contract with Fabrinet USA. Second, Micatu argues that the claim fails because it is based on an Agreement that lacks essential terms. "The only essential allegations of a common count are (1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) non-payment." *Bioriginal Food & Sci. Corp. v. Biotab Nutraceuticals Inc.*, No. CV13-5704 CAS (Ex), 2013 WL 6572573, at *3 (C.D. Cal. Dec. 13, 2013) (citing *Farmers Ins. Exchange v. Zerin*, 53 Cal.App.4th 445, 460 (1997).

For the reasons discussed above, the Court rejects Micatu's arguments based on lack of privity of contract. The FAC alleges that Micatu owes $394,962.63 for goods that were manufactured and shipped, and which Micatu accepted, pursuant to the Agreement. FAC ¶¶ 7-16. Taking all these allegations as true, as the Court must at this stage of the proceedings, Fabrinet USA has adequately pled its claim for open book account.[4]

### D. Request for More Definite Statement

In the alternative, Micatu requests an order pursuant to Rule 12(e) requiring Fabrinet USA to provide a more definite statement. Generally, a more definite statement is required "only when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Margarita Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999) (internal quotations and citations omitted). The Court does not find Fabrinet USA's FAC so vague or ambiguous that Micatu cannot reasonably prepare a response. Micatu's alternate motion for relief under Rule 12(e) is denied.

## IV. CONCLUSION

Based on the foregoing, the Court denies Micatu's motion to dismiss under Rules 12(b)(1)

---

[4] Insofar as Micatu's arguments here suggest that it contends the Agreement is void for indefiniteness, Micatu has not adequately argued its position to enable the Court to properly assess that argument. Accordingly, Micatu's motion to dismiss on that ground is also denied.

1  and 12(b)(6) and the motion for relief under 12(e).

2  **IT IS SO ORDERED.**

3  Dated: June 22, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge